UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

v.    Case No. 15-CR-13

JOSEPH J. VALDEZ,

      Defendant.

## PLEA AGREEMENT

1. The United States of America, by its attorneys, James L. Santelle, United States Attorney for the Eastern District of Wisconsin, and Daniel R. Humble, Assistant United States Attorney, and the defendant, Joseph J. Valdez, individually and by attorney Krista Halla-Valdes, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2. The defendant has been charged in a four-count indictment, which alleges violations of Title 18, United States Code, Sections 2251(a) and 2252(a)(4)(B).

3. The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and those charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

## COUNT ONE

(Sexual Exploitation of a Child)

**THE GRAND JURY CHARGES THAT:**

On or about December 1, 2013, in the State and Eastern District of Wisconsin and elsewhere,

## JOSEPH J. VALDEZ

knowingly employed, used, persuaded, induced, enticed or coerced known Minor Female A to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, to wit: a visual depiction of known Minor Female A engaged in the lascivious exhibition of her genitals, which visual depiction was produced using materials that had been mailed, shipped, and transported in interstate or foreign commerce by any means, including by computer, and which visual depiction was transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 2251(a).

5.    The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offenses described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

In the fall of 2013, Seymour Police Officer TJ Hilgenberg who is assigned as a school officer in the Seymour schools was approached by a 14 year old female who stated that she was being harassed via instant messenger on her iPod Touch by an individual whom she does not know. This individual responded to an advertisement that the student placed on Craigslist offering babysitting services. Officer

Hilgenberg did follow up investigation, which included an exchange of text messages with the unknown individual posing as the 14 year old. Those texts revealed repeated attempts by this individual to get the minor child to send naked photographs of herself to determine if she could "be a model for him."

Further investigation revealed the unknown individual to be the defendant, Joseph J. Valdez of Green Bay, Wisconsin, Eastern District of Wisconsin. A search warrant was executed at the defendant's residence by the Seymour Police and the FBI, specifically to retrieve his cell phone and computer. Agents did not recover a computer, as the defendant admitted conducting all of his interactions through text, messaging services, and email via his cell phone.

A forensic search of the phone revealed that the defendant had engaged in electronic interactions with hundreds of females from across the United States, a number of which were underage. The defendant used the messenger service "KIK" for many of his interactions, but also used other messaging services and randomly texted individuals in the 920 area code hoping to encounter females. The defendant almost always held himself out as a "modelling agent" and persuaded the underage girls to send him via the internet or cellular data network, photographs of their bodies so that he could "assess" them. The defendant often used the screen name "ModelingagentUSA." He persuaded and coerced them to send images which were increasingly more sexually explicit. Many of the images were focused exclusively on the underage female's genitalia, some with objects inserted inside of the girls. When the girls tried to get the defendant to stop texting or messaging them, he blackmailed them into sending more photographs by telling the girls that he would release the past photos on the internet and email them to their parents and school administrators. A few of the minors threatened suicide if he did so, to which he responded with further threats of blackmail.

Unfortunately, the vast majority of these underage girls were unable to be identified by the FBI through the service of subpoenas to the messaging entities or based on clues in the photographs. However, Minor Child A (14 years old) referenced in count one was located by the FBI and resides in Indiana. Her pictures contain the lascivious exhibition of her genitals taken by her cellular telephone's camera and sent to the defendant via the internet and/or the telephone's data network. The defendant was re-interviewed

3

by FBI and confronted with the chat logs obtained from his cell phone between himself and underage females, including Minor Female A, at which time he made specific admissions concerning his coercion of the girls alleged in the indictment. He discussed with the agents how he persuaded the underage females into sending him sexually explicit photographs through persuasion, coercion, and blackmail.

The defendant's cellular telephone contained hundreds of images of girls with many of the girls in various stages of undress and in a variety of poses that were sexually explicit, including the four images referenced in count four of the indictment.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, these offenses.

## PENALTIES

6. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: count one, 15 to 30 years imprisonment and $250,000. The count also carries a mandatory minimum of 15 years of imprisonment; a mandatory special assessment of $100, at least 5 years of supervised release, and a maximum of a lifetime of supervised release. The parties further recognize that a restitution order may be entered by the court.

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## DISMISSAL OF REMAINING COUNTS

8. The government agrees to move to dismiss the remaining counts of the indictment at the time of sentencing.

4

## ELEMENTS

9.      The parties understand and agree that in order to sustain the charge of sexual exploitation of a child as set forth in count one, the government must prove each of the following propositions beyond a reasonable doubt:

First, that the victim was under the age of eighteen years;

Second, that the defendant, for purposes of producing a visual depiction of such conduct, employed, used, persuaded or coerced the person identified in the indictment to take part in sexually explicit conduct; and

Third, the defendant knew or had reason to know that such visual depiction would be mailed or transported across state lines or in foreign commerce, or the visual depiction was transmitted using materials that had been mailed, shipped, transported across state lines or in foreign commerce.

(Sexually explicit conduct is defined as actual or simulated sexual intercourse, including genital-genital, oral-genital, masturbation, or lascivious exhibition of the genitals or pubic area of any person. 18 U.S.C. § 2256(2)(B), *7th Cir. Jury Instruction*)

## SENTENCING PROVISIONS

10.     The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

5

11. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

12. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offenses set forth in paragraph 5. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

13. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

14. The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

6

## Relevant Conduct

15.     The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offenses to which the defendant is pleading guilty.

## Base Offense Level

16.     The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in count one is 32 under Sentencing Guidelines Manual §2G2.1(a).

## Specific Offense Characteristics

17.     The parties acknowledge and understand that the government will recommend to the sentencing court that a two-level increase for the victimization of a child that has attained the age of 12 but not 16 years old under Sentencing Guidelines Manual §2G2.1(b)(1)(B) is applicable to the offense level for the offense charged in count one.

## Acceptance of Responsibility

18.     The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

19. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

20. Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

21. The government agrees to recommend the mandatory minimum sentence of 180 months imprisonment as to count one.

## Court's Determinations at Sentencing

22. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

23. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

24. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant agrees not to request any delay or stay in payment of any and all financial obligations.

### Special Assessment

25. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

### Restitution

26. The defendant agrees to pay restitution as ordered by the court.

### DEFENDANT'S WAIVER OF RIGHTS

27. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

   c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

   d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be

9

     entitled to compulsory process to call witnesses.

  e.  At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

28.  The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

29.  The defendant acknowledges and understands that he will be adjudicated guilty of the offenses to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

30.  The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

## MISCELLANEOUS MATTERS

31.  Pursuant to 18 U.S.C. § 3583(d), the defendant has been advised and understands the court shall order as a mandatory condition of supervised release, that the defendant comply

with state sex offender registration requirements. The defendant also has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: the location of his residence; the location of his employment; and, if he is a student, the location of his school. Registration will require that the defendant provide information that includes, name, residence address, and the names and addresses of any places at which he will be an employee or a student. The defendant understands that he must update his registration not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations may subject him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine and/or imprisonment.

32. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, and the defendant understands that no one, including the defendant's attorney or the sentencing court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences, including the potential for automatic removal from the United States.

**GENERAL MATTERS**

33. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

34. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

35. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

36. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

37. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 3-19-15

_____
JOSEPH J. VALDEZ
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 3/19/15

_____
KRISTA HALLA-VALDES
Attorney for Defendant

For the United States of America:

Date: 3/19/15

_____
JAMES L. SANTELLE
United States Attorney

Date: 3/19/15

_____
DANIEL R. HUMBLE
Assistant United States Attorney